UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| James Tyrone Smith, and<br>Steven Jack Montgomery, | Case No. 20-cv-2454 (JRT/TNL) |
| Plaintiffs, | **ORDER** |
| v. | **&** |
| Jeffrey Fikes, Warden; and<br>William Barr, USDOJ/USAG, | **REPORT & RECOMMENDATION** |
| Defendants. | |

On February 22, 2021, this Court recommended that this action be dismissed in its entirety. *See* ECF No. 5. The recommendation was premised on a different basis with respect to each of the two plaintiffs to this action. With respect to plaintiff Steven Jack Montgomery, this matter had become moot on account of Montgomery's transfer to a different prison. Because Montgomery had sought only injunctive relief, and only with respect to conditions at a prison where he was no longer detained, no remedy remained available for the claims brought by Montgomery. With respect to plaintiff James Tyrone Smith, this matter was recommended for dismissal because Smith had neither submitted an application to proceed *in forma pauperis* ("IFP") nor paid the filing fee for this matter. This Court therefore recommended that Smith be dismissed from this action for failure to prosecute.

The grounds for dismissal stated in the earlier recommendation with respect to Montgomery remain applicable; accordingly, this Court will again recommend that the

1

claims brought by Montgomery be dismissed without prejudice as moot for the reasons stated in its prior order. Smith, however, has since paid the entirety of the filing fee owed in this act — in fact, Smith has paid *more* than the entirety of the filing fee, having submitted $603.00 rather than the required $402.00. *See* ECF Nos. 6 & 8.

The earlier recommendation that the claims brought by Smith be dismissed for failure to prosecute is no longer applicable. This Court therefore will vacate the prior Report and Recommendation. Further, this Court will direct the Clerk of Court to return to Smith the overpayment that he has made towards the filing fee. Because Smith is not proceeding IFP, he remains responsible for effecting service of process in this matter pursuant to Rule 4(i) of the Federal Rules of Civil Procedure.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. The Report and Recommendation of February 22, 2021 [ECF No. 5] is **VACATED**.

2. The Clerk of Court is directed to refund to plaintiff James Tyrone Smith any overpayment made by Smith towards the filing fee in this matter.

[Continued on next page.]

## RECOMMENDATION

IT IS FURTHER RECOMMENDED THAT:

1. Plaintiff Steven Jack Montgomery be **DISMISSED WITHOUT PREJUDICE** from this action for the reasons stated in the Report and Recommendation of February 22, 2021 [ECF No. 5].

2. Montgomery's application to proceed *in forma pauperis* [ECF No. 4] be **DENIED AS MOOT**.

Date: March __9__, 2021
                      *s/ Tony N. Leung*
                      Tony N. Leung
                      United States Magistrate Judge
                      District of Minnesota

                      *Smith et al. v. Fikes et al.*
                      Case No. 20-cv-2454 (JRT/TNL)

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).