UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| James Tyrone Smith and<br>Steven Jack Montgomery,<br><br>Plaintiffs,<br><br>v.<br><br>Jeffrey Fikes, *Warden*, and<br>William Barr, *USDOJ/USAG*,<br><br>Defendants. | Case No. 20-cv-2454 (JRT/TNL)<br><br><br>REPORT AND<br>RECOMMENDATION |

---

On December 3, 2020, Plaintiffs James Tyrone Smith and Steven Jack Montgomery filed the Complaint in this matter. (ECF No. 1.) Plaintiffs were directed to pay the civil filing fee or file an application to proceed in forma pauperis ("IFP"). (ECF Nos. 2, 3.) Smith subsequently paid the filing fee and Montgomery was dismissed from this action. (ECF Nos. 6, 8, 10, 12.)

The Court reminded Smith that because he "is not proceeding IFP, he remains responsible for effecting service of process in this matter." (ECF No. 10 at 2; *see also* ECF No. 11 at 1.) On June 16, 2021,[1] this Court issued an Order for Smith to show cause in writing as to why he had not complied with Federal Rule of Civil Procedure 4 and effected service of the summons and Complaint on Defendants. (ECF No. 13.) Smith was also warned that "[f]ailure to comply . . . may result in dismissal of this action for failure to

---

[1] This was more than 90 days after the Court vacated a previous Report & Recommendation recommending the action be dismissed as to Smith for failure to prosecute, and more than 90 days after Smith paid his filing fee. (ECF No. 13 at 2 n.1.)

1

prosecute." (ECF No. 13 at 2.)

On July 19, 2021,[2] Smith filed a response requesting 30 additional days to effectuate service. (ECF No. 14.) On September 2, 2021, the Court issued an Order directing Smith to serve Defendants on or before November 1, 2021. (ECF No. 16.) Smith was again cautioned that failure to comply with the Order could result in dismissal of the action for failure to prosecute. (*Id.*) More than 90 days have passed since Smith requested an extension of time to serve Defendants and, as of the date of this Report and Recommendation, Smith has failed to serve Defendants and has not requested additional time to do so in violation of the Court's most recent Order.

A dismissal for want of prosecution is part of a court's "inherent power to control its docket." *Lunsford v. RBC Dain Rauscher, Inc.*, 590 F. Supp. 2d 1153, 1158 (D. Minn. 2008) (citing *M.S. v. Wermers*, 557 F.2d 170, 175 (8th Cir. 1977)); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."). Unless otherwise stated, a dismissal "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). "Dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or continued or persistent failure to prosecute a complaint." *Givens v. A.H. Robins Co., Inc.*, 751 F.2d 261, 263 (8th Cir. 1984);

---

[2] This letter was signed by Smith on July 11, 2021 and sent by prison officials via U.S. Mail on July 12, 2021; the Court thus considers Smith's response timely filed.

2

*Smith v. Gold Dust Casino*, 526 F.3d 402, 405 (8th Cir. 2008). The Eighth Circuit has stressed the importance of the sanction's proportionality to the conduct at issue. *Smith*, 526 F.3d at 405. "A district court should weigh its need to advance its burdened docket against the consequence of irrevocably extinguishing the litigant's claim and consider whether a less severe sanction could remedy the effect of the litigant's transgressions on the court and the resulting prejudice to the opposing party." *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000) (quoting *Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1260 (8th Cir. 1997)).

In this case, Smith has failed to prosecute. He has failed to serve the two Defendants. Nor has he provided any other information to the Court regarding service. Given Smith's failure to comply with the Court's Order, the Court concludes dismissal of his claims against Jeffrey Fikes and William Barr for failure to prosecute is warranted.

Now, the Court must determine how dismissal of those claims is put into effect. *Hunt*, 203 F.3d at 527. The Court concludes, given Smith's pro se status, that dismissal without prejudice is appropriate. Dismissal without prejudice appropriately balances this Court's need for efficient and effective docket control with Smith's access to justice. *Id.*; see *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (noting purpose of imposing sanctions is to deter future offensive conduct by the responsible individual and others). Smith is warned that given the Court's recommendation in this matter, dismissals of future cases filed by him may well justify dismissal with prejudice.

Therefore, based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Smith's claims against Jeffrey Fikes and

William Barr be **DISMISSED WITHOUT PREJUDICE**.

Date: November  10 , 2021            *s/Tony N. Leung*
                                     Tony N. Leung
                                     United States Magistrate Judge
                                     District of Minnesota

                                     *Smith et al. v. Fikes et al.*
                                     Case No. 20-cv-2454 (JRT/TNL)

### NOTICE

**Filings Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).