# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

JAMES TYRONE SMITH,

                   Plaintiff,

v.

JEFFREY FIKES, *Warden*, AND WILLIAM
BARR, *USDOJ/*USAG,

                   Defendant.

Civil No. 20-2454 (JRT/TNL)

**ORDER DISMISSING PLAINTIFF'S
COMPLAINT WITHOUT PREJUDICE**

---

James Tyron Smith, Reg. No. 04090-090, Federal Correctional Institution-Milan, PO Box 1000, Milan, MI 48160, *pro se* petitioner.

Plaintiff James Smith, a prisoner, filed a complaint in December 2020 alleging civil rights claims under 42 U.S.C. § 1983 against William Barr and Jeffery Fikes (the "Defendants"). Smith never served the Defendants. In November 2021, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the Court dismiss Smith's action without prejudice for failure to prosecute. Smith objected to the R&R claiming that he did attempt to serve the Defendants and that he had done so in good faith. Because Smith has failed to timely serve the Defendants despite receiving guidance and multiple extensions, the Court will adopt the R&R and dismiss Smith's claims without prejudice.

## BACKGROUND

On December 3, 2020, Smith filed a complaint against the Defendants but did not serve process on them. (Compl., Dec. 3, 2020, Docket No. 1.) In March 2021, the Magistrate Judge reminded Smith that he was responsible for effecting service on the Defendants pursuant to Federal Rule of Civil Procedure Rule 4(i). (Letter from Magis. J., Mar. 10, 2021, Docket No. 11.)

On June 16, 2021, Smith had yet to serve the Defendants. (Order to Show Cause, June 16, 2021, Docket No. 13.) The Magistrate Judge ordered Smith to show cause as to why his claim should not be dismissed for failure to serve the Defendants. (*Id*.) Smith was warned that failure to comply with the order may result in dismissal of the action. (*Id.*) On July 19, 2021, Smith filed a response requesting additional time to effectuate service. (Resp. Order to Show Cause, July 19, 2021, Docket No. 14.) Smith explained that his delay resulted from his transfer from FCI Sandstone to FCI Milan. (*Id.*)

The Magistrate Judge granted Smith's request for additional time but warned him that failure to comply with the Order by November 1, 2021, may result in dismissal of his complaint. (Order Resp. Letter, Sept. 2, 2021, Docket No. 16.) Smith did not serve Defendants within this timeframe. On November 10, 2021, the Magistrate Judge issued a R&R recommending that, because Smith had failed to serve Defendants, the claims against the Defendants be dismissed without prejudice for failure to prosecute. (R&R, Nov. 10, 2021, Docket No. 17.)

Smith objected to the R&R, asserting that he had served the "interested parties" in good faith.  (Obj. R&R, Nov. 29, 2021, Docket No. 19.)  Smith alleges that he received a letter from the Bureau of Prisons North Central Regional Office in Kansas City, Kansas stating that the Bureau of Prisons, not the Defendants,  had received service.  (Exhibit, Nov. 29, 2021, Docket No. 20.)  The letter indicates that the Bureau of Prisons received the complaint by error on July 14, 2021, and responded to Smith on August 27, 2021 notifying him of the mistake.  (*Id.*)

## DISCUSSION

### I.    STANDARD OF REVIEW

Upon the filing of an R&R by a magistrate judge, "a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. Local R. 72.2(b)(1).  "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. Local R. 72.2(b)(3).

Pleadings submitted by *pro se* litigants are to be liberally construed and must be held to a less stringent standard than formal pleadings drafted by lawyers.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  However, *pro se* litigants are not excused from failing to comply with substantive or procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).

-3-

## II.    ANALYSIS

A plaintiff is responsible for serving a summons and complaint on all defendants in a timely manner.  Fed. R. Civ. P. 4(c)(1).  If a plaintiff fails to serve a defendant within 90 days, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time" unless the plaintiff shows good cause for the failure.  Fed. R. Civ. P. 4(m).

Smith's asserts that he had served the "interested parties" in good faith.  However, his only attempt to serve a defendant went to the incorrect address.  Smith presents no evidence that he tried to remedy the error.  Nor does he provide a reason why he was unable to serve the Defendants within the approximately two-month period between the time he received the letter from Bureau of Prisons and the deadline set by the Magistrate Judge to serve the Defendants.  To date, Smith has still failed to serve either of the Defendants.  Given Smith's continued failure to effectuate service on the proper parties, the Court will adopt the R&R and will dismiss the complaint without prejudice.

The Court will dismiss Smith's complaint without prejudice, meaning Smith is entitled to file this case again, reasserting the claims he brought in this action against the Defendants.  If he files a new action, however, Smith will need to serve the Defendants in accordance with Rule 4 before his lawsuit can proceed.[1]

---

[1]Smith can request that a someone serve the summons and complaint for him or pay a fee and have the U.S. Marshals or a professional process server effectuate service.  Smith may also request that the Defendants waive service under Rule 4(d) by mailing them a Notice of Lawsuit and Request for Waiver of Service of Summons (one

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY**

**ORDERED** that:

1. Plaintiff's Objection to the Report and Recommendation [Docket No. 19] is

   **OVERRULED**;

2. The Magistrate Judge's Report and Recommendation [Docket No. 17] is **ADOPTED**;

   and

3. Plaintiff's Complaint [Docket No. 1] is **DISMISSED** without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  March, 11, 2022
at Minneapolis, Minnesota.

_____
JOHN R. TUNHEIM
Chief Judge
United States District Court

---

document) and Waiver of Service along with a copy of the complaint.  The Court encourages Smith to request a
copy of the Local Rules of the district he files in as those rules may provide further guidance.